IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA MINER, AS GUARDIAN OF HALI RICHARDSON, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| *v.* | ) ) | |
| AETNA INC., | ) ) | No.: |
| *Defendant*. | ) ) ) ) ) | |

## **COMPLAINT**

1. This action arises from Aetna Inc.'s erroneous denial of ERISA health benefits.

2. Hali Richardson was walking her dog when she was struck by a truck, pinning her between the vehicle and a steel telephone poll. The driver fled the scene, and Hali was not discovered for 45 minutes.

3. At nearby St. Joseph's Hospital and Medical Center in Phoenix, Arizona, doctors diagnosed Hali with a diffuse axonal brain injury ("DAI"), along with numerous broken bones and lacerations. DAIs—in which the brain's nerve fibers are torn apart—are often fatal, and most who survive are left in a vegetative state.

4. Doctors believed that Hali (then 35 years old) was not likely to survive the night, and allowed her mother into the ICU to say goodbye.

5. Although Hali's doctors at St. Joseph's saved her life, she remained in a minimally conscious state.

6. Hali's doctors believed that she was an excellent candidate for intensive neurological rehabilitation, but advised her family that she required a high level of specialized care not available at most facilities. Accordingly, they referred her to Shirley Ryan AbilityLab in Chicago, Illinois—one of the few facilities in the country offering a specialized Disorders of Consciousness program for patients in a minimally conscious state.

7. Hali could not fly commercially or safely make the long drive from Arizona to Illinois by ground ambulance. Instead, she required air-ambulance transportation. An air-ambulance provider, Angel MedFlight, transported Hali to Shirley Ryan, and submitted a timely claim for benefits on her behalf.

8. Although Aetna preauthorized Hali's admission to Shirley Ryan, it denied Hali's claim for the ambulance transportation necessary to get her there.

9. Aetna upheld its decision on appeal, on the asserted ground that Hali should have transferred to a closer facility. But Aetna never identified any alternate facility at any time during the administrative process. Instead, it preauthorized Hali's admission to Shirley Ryan.

10. An independent external reviewer agreed that Hali required a transfer to a Center of Excellence for brain injury rehabilitation, but found that Hali should have transferred to one of three closer facilities: Craig Hospital in Englewood, Colorado; TIRR Memorial Hermann in Houston, Texas; or Baylor Scott and White Institute for Rehabilitation in Dallas, Texas—all between 800 and 1200 miles from the sending facility.

11. But Aetna never identified any of these facilities during the administrative process. Nor is there any indication that any of these facilities were ready, willing or able to admit Hali at the necessary time.

12. The external reviewer's decision is binding on Aetna, yet Aetna failed to pay for the ambulance transportation Hali would have required to reach any of the three facilities identified by the reviewer.

13. Laura Miner, as guardian of Hali Richardson now brings this suit under ERISA § 502(a)(1)(B), seeking benefits under the terms of Hali's health plan, prejudgment interest, and attorney's fees.

## PARTIES

14. Defendant Aetna Inc. is a Pennsylvania corporation with a principal place of business in Hartford County, Connecticut. Aetna insures and administers commercial health plans, including Hali's health plan, which is subject to ERISA. Aetna may be served with process through its registered agent, CT Corporation System, at 67 Burnside Avenue in East Hartford, Connecticut.

15. Laura Miner is Hali Richardson's mother and court-appointed co-guardian. Laura's co-guardianship provides her with authority to file lawsuits on Hali's behalf. Hali lives in Cook County, Illinois, and Laura lives in Lawrence County, Missouri.

## JURISDICTION AND VENUE

16. The Court's jurisdiction is based on the Employee Retirement Income Security Act of 1974 and, in particular, 29 U.S.C. § 1132(e)(1), (f).

17. Venue is proper in the Northern District of Illinois. 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

## STATEMENT OF FACTS

18. Hali Richardson was walking her dog when she was struck by a truck, pinning her between the vehicle and a steel telephone poll. The driver fled the scene, and Hali was not discovered for 45 minutes.

19. At nearby St. Joseph's Hospital and Medical Center in Phoenix, Arizona, doctors diagnosed Hali with catastrophic injuries, including a traumatic brain injury, respiratory failure, left hand fracture, "left extracorporeal subperiosteal hematoma with displaced optic nerve," visual deficits, pelvis fracture, rib fractures, a ruptured spleen and dysphagia.

20. The most serious of Hali's injuries was a DAI, in which the brain's nerve fibers are torn apart. DAIs are often fatal, and most who survive are left in a vegetative state. Hali's DAI left her in a deep coma.

21. Doctors believed that Hali (then 35 years old) was not likely to survive the night, and allowed Laura into the ICU to say goodbye.

22. Hali's doctors performed an emergency hemicraniectomy (a type of brain surgery in which a portion of the skull is removed, typically to evacuate blood and relieve swelling) among other extensive treatment.

23. Doctors at St. Joseph's saved Hali's life, but she remained in a minimally conscious state. Although she regained the ability to open her eyes spontaneously and track around the room, she could not communicate (though she did occasionally say "Momma" or make incomprehensible sounds), she struggled to follow her providers' commands, she had no long-term memory, she depended on tubes to eat and breathe, and she required total assistance to perform most activities of daily living.

24. Hali's young age and slowly improving condition made her an excellent candidate for intensive inpatient rehabilitation, but her doctors advised her family that most facilities are not equipped to care for patients, like Hali, who are emerging from a minimally conscious state.

25. Hali's doctors therefore referred her to Shirley Ryan AbilityLab in Chicago, Illinois. Through its Amicous Disorders of Consciousness Program, Shirley Ryan was uniquely

4

equipped to provide Hali with the intensive neurological rehabilitation she required. Hali's doctors also specifically advised her family that Shirley Ryan was the best facility in the country for her care.

26. After Shirley Ryan agreed to admit Hali, her providers reached out to Aetna to arrange her transfer.

27. Aetna preauthorized Hali's admission to Shirley Ryan.

28. Hali could not fly commercially or safely make the long drive from Arizona to Illinois by ground ambulance. Instead, she required air-ambulance transportation. Angel MedFlight transported Hali to Shirley Ryan by ground and air ambulance, and submitted a timely claim for benefits on her behalf.

29. Aetna refused to preauthorize Hali's air-ambulance transportation and denied her related claim, asserting that she was not transferred to the closest appropriate facility.

30. Angel MedFlight then submitted an appeal on Hali's behalf, acting as her authorized representative. The appeal included a letter from Dr. Zaki Aslamy (one of Hali's doctors at St. Joseph's), explaining that Hali required a transfer to Shirley Ryan to "receive specialized care at a Center of Excellence" for patients recovering from severe brain injury.

31. Hali's appeal exhausted her internal appeal rights under the terms of her health plan.

32. Aetna upheld its decision on appeal, again asserting that Hali was not transferred to the closest appropriate facility. But Aetna failed to identify either the level of care it believed Hali required (that is, whether it agreed that Hali required a transfer to a Disorders of Consciousness program) or the closer facility purportedly able to provide it; ignored Dr. Aslamy's letter of medical necessity; ignored the arguments contained in Hali's appeal; and provided no

5

discussion of why it preauthorized Hali's admission to Shirley Ryan if it believed she should transfer to a closer facility.

33. And Aetna's argument that Hali should have transferred to an unidentified-but-closer facility is particularly inadequate because Hali's doctors specifically determined that she required a level of care not available at most rehabilitation facilities.

34. Because it is impossible for Hali and her representatives to evaluate whether an unidentified facility could have provided the necessary care, Aetna's claims handling denied Hali the "full and fair review" she is entitled to under ERISA.

35. Getting nowhere with Aetna, Angel MedFlight requested an independent external review on Hali's behalf.

36. The reviewer agreed with Dr. Aslamy that Hali "required ongoing rehabilitation at a Center of Excellence for traumatic brain injury," but found that Hali required a transfer to one of three closer facilities: "TIRR Hermann in Houston, Texas (1182 miles from Phoenix)," "North Texas TBI Model System in Dallas, TX (1071 miles [from] Phoenix)" or "Craig Hospital in Englewood, Colorado (821 miles from Phoenix)[.]"

37. But Aetna never identified any alternate facility during the administrative process (much less at the necessary time before the flight). Instead, it preauthorized Hali's admission to Shirley Ryan.

38. And although TIRR, Baylor Scott and White Institute for Rehabilitation (the facility the reviewer identified as "North Texas TBI Model System") and Craig Hospital are all among the leading facilities in the country for patients recovering from severe brain injury, there is no indication in the record that any of these facilities were ready, willing or able to accept Hali at the necessary time.

6

39. Although the reviewer nominally upheld Aetna's claim denial, his or her decision constitutes a partial overturn of that denial.

40. The reviewer's decision obligates Aetna to pay for the transportation Hali would have required to reach any of the three facilities the reviewer identified, but Aetna has yet to do so.

41. Because Aetna wrongly denied Hali's claim for benefits and refused to issue the payment required by the external reviewer's binding decision, Laura Miner, as guardian of Hali Richardson now brings this suit under ERISA § 502(a)(1)(B), seeking benefits under the terms of Hali's health plan, prejudgment interest, and attorney's fees.

## CAUSE OF ACTION

42. Plaintiff incorporates and realleges the allegations of the preceding paragraphs.

43. Hali exhausted the internal appeal rights available to her.

44. Plaintiff is entitled to recover benefits under the terms of Hali's health plan. 29 U.S.C. § 1132(a)(1)(B).

45. Plaintiff is entitled to recover prejudgment interest. 29 U.S.C. § 1132(a)(1)(B), (a)(3).

46. Plaintiff is entitled to recover attorney's fees and costs. 29 U.S.C. § 1132(g)(1).

WHEREFORE, Plaintiff seeks judgment in her favor and against Defendant, as follows:

A. Payment for Hali's ambulance transportation in the amount required by applicable law;

B. Prejudgment interest;

C. Any and all other damages to which Plaintiff may be entitled; and

D. Attorneys' fees and costs of suit.

Dated: January 7, 2026

Respectfully submitted,

Laura Miner, as guardian of Hali Richardson

By: /s/ *Benjamin C. Hughes*

Benjamin C. Hughes
Eamon P. Kelly
Sperling Kenny Nachwalter, LLC
321 N. Clark Street, 25th Floor
Chicago, IL 60654
T: (312) 641-3200
bhughes@sperlingkenny.com
ekelly@sperlingkenny.com